**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***X

KENDALL BROWNE,

                                        Plaintiff ,

                    -against-

New York City Police Officer JAMES J. ZEBRO
#2610 in his Individual capacity,
New York City Police Officer MARK P. SHACKEL
#5751 in his Individual Capacity,
New York Police Officer ANTHONY P. GUIDICE
#15765 in his Individual Capacity,
LUKE KUSHNER as Assistant District Attorney of
Kings County in his Individual Capacity,
CAROLINE COMPOMANES as Assistant District
Attorney of Kings County in his Individual Capacity,
THE CITY OF NEW YORK,

                            Defendant(s).
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***X
**USDJ (___)**
**Magistrate Judge (___)**

**To The Respective United States Court:**

**24-cv-02781**

<u>**Civil Rights Complaint**</u>

Cause: 42 USC 1983

Jurisdiction: (Federal Question)

Jury trial: Yes

Case No. 24-Civ.

# DeArcy , J
# Bloom, MJ

## <u>INTRODUCTION</u>

1.   This is an Action pursuant to the Civil Rights Act of 1871 codified 42 USC
     § 1983 and the Judiciary Act of 1789 to seek redress for the deprivation of the
     plaintiffs constitutional and civil rights *arising under* the Constitution and the
     Laws of the United States. And attendant state law claims.

               Title 42 - THE PUBLIC HEALTH AND WELFARE
                    CHAPTER 21 - CIVIL RIGHTS
                    SUBCHAPTER I – GENERALLY

*"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."*

(R.S. § 1979; Pub. L. 96–170, § 1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853.)

## JURISDICTION AND VENUE

2.      This court shall have jurisdiction pursuant 28 USC § § 1331, 1343(3)(4), 1367 (a)(supplemental jurisdiction) and other relevant sections of the United States Code. This Court has jurisdiction to issue declaratory relief pursuant to 28 USC § 2201 and § 2202 and section 57 of the Federal Rules of Civil Procedure.

3.      The venue is proper pursuant to 28 USC § § 1391(b)(c) and 28 USC § 112(c)-New York.

## JURY DEMAND

4.      Plaintiff demands a trial by jury in this action on each and every one of his claims.

## IDENTITIES OF PARTIES

5.      **Plaintiff #1:** Kendall Browne located at 702 East New York Avenue #1d Brooklyn, New York 11203.

6.      **Defendant #1:** James J. Zebro #2610 New York City Police Department-75th Precinct-located at 1000 Sutter Avenue Brooklyn, NY 11208

7.      **Defendant #2:** Anthony P. Guidice #15765 New York City Police Department-75th Precinct-located at 1000 Sutter Avenue, Brooklyn, NY 11208

8.      **Defendant #3:** City of New York, New York City Law Department-located at 100 Church Street, New York, NY 10007.

2

9. **Defendant #4:** Mark P. Shackel #5751New York City Police Department 1
Police Plaza, 1 Police Plaza Path New York, NY 10038.

10. **Defendant #5:** Luke Kushner
Assistant District Attorney
King County District Attorneys Office
350 Jay Street
Brooklyn, NY 11201

11. **Defendant #6:** Caroline Compomanes
Assistant District Attorney
Kings Count District Attorneys Office
350 Jay Street
Brooklyn, NY 11201

## CAUSE OF ACTION

12. Defendant, NEW YORK CITY POLICE OFFICER JAMES J. ZEBRO #2610 ( herein after, "Defendant Zebro") are, and/or were, at all times relevant herein, an officer, employee, and agent of the New York City Police Department( NYPD), a municipal agency of the City. Defendant James J. Zero #2610 is being sued in his individual capacity as set forth herein.

13. The defendant, CITY OF NEW YORK (hereinafter the (City") is being sued as a "person" for the purpose of this Action and was deliberately indifferent to the plaintiffs constitutional and civil rights because they were aware of Defendant Zebro #2610 violative behavior and failed to take the adequate and necessary steps to properly and adequately train, supervise , and monitor Defendant Zebro #2610 as an employee and officer thereof. _See_, CCRB complaint # 202301476 from February 2023 *also See,* #201903796 from May 2019.

14. The defendant, CITY OF NEW YORK (hereinafter the (City") is being sued as a "person" for the purpose of this Action and was deliberately indifferent to the plaintiffs constitutional and civil rights because they were aware of Defendant Shackel #5751 violative behavior and failed to take the adequate and necessary steps to properly and adequately train, supervise , and monitor Defendant Shackel #5751 as an employee and officer thereof. _See_, Case # 15CV01594, U.S. District Court - Eastern District NY, Case # 16CV03786, U.S. District Court - Eastern District NY

15.   The defendant, CITY OF NEW YORK (hereinafter the (City") is being sued as a "person" for the purpose of this Action and was deliberately indifferent to the plaintiffs constitutional and civil rights because they were aware of the governments violative behavior and failed to take the adequate and necessary steps to properly and adequately train, supervise , and monitor *all* of the Defendants with knowledge of past, prior and recent ongoing, violative patterns of behavior occurring in the City of New York with employees thereunder.

16.   The defendant, JAMES J. ZEBRO  #2610 ( hereinafter, "Defendant Zebro") is being sued in his individual capacity for the deprivation of the plaintiffs right to property in violation of the 14th Amendment of the United States Constitution and the Laws of the United States.

17.   The defendant, JAMES J. ZEBRO #2610, (hereinafter, "Defendant, Zebro") is being sued in his individual capacity for the unreasonable and unlawful seizure  of the plaintiffs property , in violation the Plaintiffs 4th Amendment secured and guaranteed by the United States Constitution and the Laws of the United States as set forth herein.

18.   The defendant, MARK P. SHACKLE #5751, (hereinafter, "Defendant, Shackel") is being sued in his individual capacity for the deprivation of the plaintiffs right to property thus, in violation of his right to Due Process secured and guaranteed by the 14th Amendment of  the United States Constitution and the Laws of the United States as set forth herein.

19.   The defendant, MARK P. SHACKLE #5751, (hereinafter, "Defendant, Shackel") is being sued in his individual capacity for the unreasonable and unlawful seizure  of the plaintiffs property, in violation the Plaintiffs 4th Amendment right secured and guaranteed by the United States Constitution and the Laws of the United States as set forth herein.

20.   The defendant, MARK P. SHACKLE #5751, (hereinafter, "Defendant, Shackel")is being sued in his individual capacity for the unreasonable and unlawful *prolonged* seizure  of the plaintiffs property , in violation the Plaintiffs 4th  Amendment right  secured and guaranteed by the United States Constitution and the Laws of the United States as set forth herein.

**\*NOTE:** The above mentioned officer; Defendant, Shackel is assigned to the NYPD's MCD (Major Case Squad) and played no role in the arrest of the Plaintiff but for reasons unknown the plaintiff had his phone vouchered as arrest evidence pending investigation two days after his arrest.

4

**\*Note:** Despite long-standing City rules and a federal consent decree in *Encarnacion v. City of New York* that both require police to provide people their vouchers, plaintiff Browne was not provided with a voucher for his cellphones on the day of his arrest.

**\*Note:** Plaintiffs wasn't even provided with a timely or adequate "Notice of Seizure" on October 7th, 2023 or soon thereafter.

21.    The defendant, JAMES J. ZEBRO #2610 (hereinafter, "Defendant Zebro") is being sued for a tort/negligent act because he applied NYS CPL § 265.00 et seq.,, § 265.03, 265.03 (1), 265.03 (1)(b), PL 265.02-01 PL 265.01-B 01 265.01 01, NYC Administrative Code  section 131(I)(3) and  against the plaintiff in which he as hypothetical reasonable official or reasonable officer would have and should  have known does *not* apply for the alleged possession of a blank firing replica pistol and blank firing ammunition. Defendant Zebro did *not* have probable cause to arrest and/or charge the Plaintiff in violation of NYS PL 265.03(1)(b) and NYC Administrative Code section 131(I)(3). The Plaintiff was at all relevant times conscious of the confinement, the Defendant did intend to confine the Plaintiff, and the confinement of the Plaintiff was *not* otherwise privileged.

22.    The defendant , CITY OF NEW YORK, is being sued as a "Person"for deliberate indifference to the Plaintiffs constitutional and civil rights and  its deprivation of property as a result of its *policy, practice, and/or custom* which allowed and/or allows for the indefinite holding of items vouchered as evidence by the New York City Police Department [Property Clerk Section] as set forth herein. And Defendant, City known or should have known of the NYPD unconstitutional and unlawful behavior in which they indefinitely confiscated cellphones. *See,* **Encarnacion v. City of New York also *See,*** **The Bronx Defenders v. NYPD16-CV-00156-** An action where the plaintiffs property was seized and wrongfully held by the NYPD even after their cases have been dismissed.

23.    The defendant, CITY OF NEW YORK (hereinafter "Defendant, City") is being sued as a "person" for the purpose of this Action and  was deliberately indifferent to the plaintiffs constitutional and civil rights because it failed to create adopt  form or otherwise maintain a formal policy or adequate,and/or necessary policy, practice and/or custom, that would have prevented the plaintiff from being unlawfully deprived of his property [ Two cell phones[2 cellular devices] . And Defendant, City known or should have known of the NYPD unconstitutional and unlawful behavior in which they indefinitely confiscated cellphones. *See,* **Encarnacion v. City of New Yorkalso See,** **The Bronx Defenders v. NYPD 16-CV-00156-** An action where the plaintiffs property was seized and wrongfully held by the NYPD even after their cases have been dismissed.

24.  The defendant, Assistant District Attorney LUKE KUSHNER, ( hereinafter "Defendant Kushner") is being sued in his individual capacity for failing to supervise and monitor his subordinate assistant district attorney and such failure led to the deprivation of the plaintiffs right to Due Process under N.Y. Const. Art. 1 Sec. 6 and the 14th Amendment of the United States Constitution and the Laws of the United States. And prosecutorial misconduct as set forth hereinafter.Furthermore, defendant, KUSHNER is also being sued for negligence in that he failed to act in accordance with Title 38 Sec. 12-34(e) of the Rules of the City of New York as set forth hereinafter.

25.  Defendant, CAROLINE COMPOMANES (hereinafter "Defendant Compomanes") is being sued in her individual capacity for violating the plaintiffs right to **substantive and procedural due process** secured and guaranteed by the 14th Amendment of United States Constitution. And prosecutorial misconduct as set forth hereinafter.

26.  Defendant CAROLINE COMPOMANES (hereinafter "Defendant Compomanes") is being sued in her individual capacity for malicious prosecution/ emotional distress in that she caused a criminal prosecution to commence against the Plaintiff as set forth hereinafter.

27.  Defendant, ANTHONY P. GUIDICE  #15765 (hereinafter "Defendant Guidice")is being sued in his individual capacity for violating the plaintiffs right to be free from excessive force secured and guaranteed by the 4th Amendment *incorporated via* 14th Amendment of the United States Constitution as set forth hereinafter.

28. Defendant JAMES J ZEBRO -#2610 (hereinafter, "Defendant Zebro") is being sued in his individual capacity for false arrest, unlawful arrest, false imprisonment as set forth in this action hereinafter..

29.  Defendant JAMES  J. ZEBRO #2610   (hereinafter, "Defendant Zebro") is being sued in his individual capacity for malicious prosecution in that he caused a criminal proceeding to commence against the Plaintiff in violation of his Fourth Amendment right secured and guaranteed by the United States Constitution.

30.  Defendant, JAMES J. ZEBRO #2610 (hereinafter, "Defendant Zebro") is being sued in his individual capacity for malicious prosecution/ emotional distress in that he caused a criminal proceeding to commence against the Plaintiff as set forth hereinafter.

*6*

31.   Defendant, LUKE KUSHNER is being sued in his individual capacity for malicious prosecution/ emotional distress in that he caused a criminal proceeding to commence against the Plaintiff as set forth hereinafter..

## INJUNCTIVE RELIEF

32.   The continuous holding of the Plaintiff's cellular devises creates a substantial burden on the Plaintiff as those devices are used to communicate with family friends and business associates on a day to day basis. Plaintiff is unable to maintain constant and consistent communication with all family, friends, associates and develop ongoing relationships with prospective clients and other individuals during the ordinary course of business that would allow him  maintain day to day operations.

These burdens are preventing the plaintiff from continuing and obtaining meaningful business relationships and maintaining family ties; they are preventing the plaintiff from achieving or progressing in *all* aspects of life. As a result causing irreparable injury and harm that will lead  to social ruin that cannot be adequately compensated and financial ruin and in some aspects that cannot  be remedied through financial or monetary compensation.

If  the District Attorney fails to respond to a request for a DA Release or refuses to produce one within 270 days after the claimant's demand to the NYPD, the property owner will never get his or her property back as the NYPD regulations allow "disposal" of the property. Therefore Plaintiffs seeks a preliminary injunction to prevent permanent loss of his property and irreparable injury that will result if the defendants refuses to return the Plaintiffs property as Seth fort herein.

## STATEMENT OF FACTS

33.   On or about October 7th, 2023 while driving east bound on Belmont Avenue in the East New York section of Brooklyn New York [County of Kings] with Jane Doe #1 and Jane Doe #2 I was pulled over by Police Officer James Zebro #2610, Police Officer Anthony P. Guidice # 15765 and Police Officer Sean E. Collins #29210, Officer Anthony P. Guidice #15765 instructed me to turn off the car and exit the vehicle.

34.   I was then instructed to hand him then key and I gave him the key fob. Officer  Guidice #15765 brought me to the rare end of the vehicle and asked me several questions with regard to why he pulled me over. While being questioned by officer Guidice #15765, officer Zebro #2610 opened the car doors and instructed two females to step out of the vehicle. While searching the

7

interior of the plaintiffs car one of the officers observed a bottle of alcohol in the front passenger or rare passenger of the vehicle. In which the front passenger immediately took responsibility for having. However that passenger was not charged and the Plaintiff was charged for being in possession of an open container.

35.    While the two females were exiting the vehicle I turned around and verbally asserted to Defendant Zebro #2610, Guidice #15765, and officer Collins #29210 that I *do not* consent to any searches and seizure of the vehicle. One of the Officer said that there was alcohol in the car and they didn't need permission to search. However Defendant Zebro #2610 continued to search the vehicle. During the course of this search officer Zebro #2610 and officer Guidice #15765 came to notice that the glove compartment box was locked and asked me for the key. I informed them that the vehicle does *not* belong to me and therefore I did not have the key. Defendant Zebro #2610 continued to search the front driver, front passenger back passenger (left and right) side of the vehicle.

36.    During the course of his search Jane Doe #2 observed Defendant Zebro #2610 breaking  open the glove box compartment of the vehicle in order to gain entry where he allegedly retrieved a pistol. Defendant Zebro #2610 was *not* given consent by the vehicle's operator or the owner of the vehicle to conduct a search nor did he have a search warrant issued from a court within the State of New York or a Court of the United States or any other Court within the City of New York. *See*, Photos of damaged glove compartment.

37.    Defendant Zebro #2610 then began to whisper in the ears of other officers. Then one of the officers called for a supervisor. Sergeant P. Hughes arrived on the scene and instructed Defendant; Anthony P. Guidice #15765 to place me under arrest. I was then *tightly* handcuffed by Defendant Guidice #15765 and placed in the back of a police vehicle. I complained to defendant, Guidice about the handcuffs being too tight and he did not take action  to loosen his restraints, the handcuffs caused me to be in excruciating pain and left visible skin marks and  bruising  to my risk. They were removed upon arrival at the police station. *See*, Officer Guidice's #15765 body worn police camera video. My vehicle was then commandeered to the 75th precinct- New York City Police Department.

38.    The officer(s) mentioned herein  conducted an unauthorized and warrant less search and made a fabricated statement to justify their cause to search the vehicle based on open container of alcohol  (A Vehicle traffic law infraction) *[in which  a passenger instantly and willfully admitted to possessing]* in order to conduct a field search and later claim that the alleged firearm recovered by

them was obtained from an in-house inventory search- A pretext to look for evidence. *See*, Body worn camera footage worn by Anthony P. Guidice #15765 *also See*, Body worn camera footage worn by JAMES J. ZEBRO #2610 on October 7th, 2024.

39.   Defendant Zebro #2610 commenced a traffic stop against the defendant for an alleged reckless driving with the intent to search the vehicle on the South East corner of Belmont Street. And once they located the *Zoraki M906 Fume;* a blank firing replica,  they commandeered the vehicle so they can conduct an inventory search and falsely claim that it was at that moment they discovered the alleged firearm in the glove compartment of the vehicle.

40.   Upon arriving at the 75th precinct i was pedigreed, searched and my property was vouchered (including two cell phones) as evidence. I was then placed in a holding cell. Officer Guidice #15765 told me that I was being arrested for reckless driving( a misdemeanor offense ) etc. I then asked him to allow me to make a phone so I can call someone to pick up the vehicle and I was told that I couldn't make any phone calls at the moment.

A few hours later Defendant, Zebro #2610 took me out of the holding cell and brought me upstairs to a detective for questioning  with regard to allegations of a firearm that was located in the glove compartment of the car during an inventory search of the vehicle. The detective showed me a picture of a *Zoraki M906 Fume;* which I later came to know as a blank firing replica. The detective then told me that I was being charged with *felony* criminal possession of a weapon.

41. I was then returned to a holding cell to await fingerprinting and transportation to Central Bookings for arraignment on the aforementioned charges. While awaiting transport I was subjected to unpleasant conditions inside the holding cell and overcrowded holding cells within Central Bookings. Subsequently I posted bail on October 9th, 2023.

42.   On the 13th, day of October the  I received a property release authorization from the District Attorneys Office stating that the property ( 2 Cell phones [cellular devices] and vehicle) were no longer needed as evidence. *See*, District Attorneys Release [Document located at DISTRICT ATTORNEY KINGS COUNTY, 350 Jay Street Brooklyn New York 11201]

43.   On October 16th,, 2023 the vehicle was retrieved by the owner from a lot where it was being held by officer Zebro #2610 at the 75th precinct however

the cellular devises in question were *not* released and I was told that it was being held at the Property Clerk Section at another location. I was provided with an invoice and told to go to that location in order to retrieve my property. Upon examination of the invoice I learned that my cellphones were being held for investigatory purposes by Officer Mark P. Shackel.

44. **That upon information and belief and to the best of my knowledge Defendant, Zebro and Shackel *lacked probable cause* and therefore did not have legal or lawful authority to seize the Plaintiff Cellphones as set forth herein below.**

    **NOTE: The above mentioned officer; Defendant, Shackel is assigned to the NYPD's MCD (Major Case Squad) and played no role in the arrest of the Plaintiff but for reasons unknown the plaintiff had his phone vouchered as arrest evidence pending investigation two days after his arrest.**

45. Furthermore that upon information and belief and to the best of my knowledge the criminal complaint and/or accusatory instrument made by Officer Zebro against the Plaintiff in the criminal matter is insufficient to give defendant in the said matter, *notice* of the nature of the criminal acts which gave rise to the seizure of his cellular devices/ two cell phones.
    Thus violating the Plaintiff right to notice before depriving Plaintiffs of property which is secured and guaranteed by the 14th Amendment of the United States Constitution.  Nor did the defendants provide the plaintiff with a Notice of Seizure soon thereafter thus violating the Plaintiffs 14th Amendment right to Due process of Law.

46. The taking of the Plaintiff cellphones had *absolutely nothing* to do with the underlining charges  in which the Plaintiff was arrested for allegedly violating and was unreasonably and unlawfully seized by the defendants herein.. And for these reasons all the relief plaintiff is seeking would be fitting under the circumstances on this account and all accounts before the Court in this complaint. *See*, reference to Invoices given below.

47. **CELLULAR PHONES :** NYPD Property Clerk Invoice  #3001647911

48. **VEHICLE :** NYPD Property Clerk Invoice  #3001647844

49. On October the 16th , 2023 I went to the NYPD's Property Clerk Section ( the "Property Clerk Section") to retrieve his cell phones. And I was told that  I could *not* receive my cell phones because they are under investigation. The Clerk said that she emailed the officer and that I will have to check back on 10/20/2023 to see if officer has concluded his investigation. I then asked to

speak with her supervisor.  And an officer appeared and reiterated that I would have to wait until the arresting officer is finished with his investigation.

50.    On October the 20th, 2023 I went back to the NYPD's Property Clerk Section ( the "Property Clerk Section") to retrieve my cell phones. A clerk who scanned Property Clerk Invoice/ Voucher and inform ed me that the officer hasn't responded to their email and it's still marked in their system as under investigation by Defendant Shackel #5751. Defendant DeLeon stated that he emailed the officer  again and that I will have to call his office to find out if the status has changed.

51.    On or about October, 2023 the plaintiff went to the District Attorneys Property Unit at 120 Schemerhorn Brooklyn New York and was told that a request his phone has been denied by the District Attorney office. A note saying **"DO NOT RELEASE"** was sent to their office. Plaintiff contends that upon information and belief and to the best of his knowledge that the note was a placed by Assistant District Attorney, Luke Kushner as the ADA managing and/or supervising over the criminal case against the Plaintiff. Plaintiff was never provided with a reason for the denial and refusal return of his cellular phone as required under Sec. 12-34(e) of Title 38 of the Rules of the City of New York.

52.    On November 28th, 2023 charges for Criminal Possession of a weapon NYS PL 265.00 Et seq. against the Plaintiff was dismissed however ADA (Assistant District Attorney), defendant, Compomanes, as a reasonable officer and/or officer of the court did *not* dismiss Plaintiff criminal charge for the  unlawful possession of live ammunition. Instead she knowingly and willfully with knowledge continued the prosecution of the Plaintiff in violation of NYC Administrative Code  section 131(I)(3) (unlawful possession of live ammunition). <u>A bad faith prosecution.</u>

53.    During  the course of proceedings Plaintiff's defense attorney asked  judge if the ADA will release his cellphones. Attorney told Judge that she reached out to ADA Kushner and he has not returned any of her messages. ADA, Compomanes told the judge said that she will speak to Defendant, Luke Kushner with regards to having the Plaintiffs cellphones released.

54.    On January 4th, 2024 Plaintiff received a call from, an attorney from the Legal Aid Society. An attorney from Legal Aid Society informed Plaintiff that Defendant Kushner agreed to release to release the phones. ***See***, <u>Email correspondence.</u>

55.    On January 5ᵗʰ, 2024 Plaintiff went to the District Attorneys Property Unit located at 120 Schemerhorn Brooklyn New York 11207, and was told that the District Attorney's will *not* release the Plaintiff's cell phones.

56.    On January 12ᵗʰ, 2024 Plaintiff called the NYPD Property Clerk Section to inquire about the release of his cellphones however property clerk stated that cell phones were still being held by the investigating officer for investigatory purposes. And we're not currently in the property clerks direct possession at this time.

57.    On January 12ᵗʰ, 2024 at approximately 11:30 am Plaintiff's was contacted by his Defense attorney and was told that an unknown ADA agreed to release the phones.  Plaintiff proceeded to 120 Schemerhorn, the District Attorneys Property Unit  in order to obtain the District Attorney's Release authorization paper. *See*, **District Attorney Release.**

58.    On February 27ᵗʰ, 2024 The criminal court sought to dismiss *all* of remaining charges against the Plaintiff. The plaintiffs counsel requested that the presiding local criminal court  judge Order the NYPD to release her client's 2 cellular phone  and the judge replied that he did not have the authority to compel the NYPD to release the Plaintiffs property.

**No Response From NYPD**

59.    On January 19ᵗʰ, 2024 Plaintiff sent defendant, Shackel a claim by via United States Postal Services as Certified Mail w/ Return Receipt for the release of his cellular phones pursuant to **Title 38 Rules of the City of New York: Chapter 12: Return of Property from Property Clerk Division; Subchapter A: Procedures for Claiming Property.**

*"Property vouchered for investigation will require the claimant to obtain a release from the investigating officer, in writing, usually on department letterhead. (Police Department Patrol Guide, procedure 113-22.)"*

60.    Plaintiff has not received a response to date.

61.    On or about March 16ᵗʰ, 2024 Plaintiff mailed a letter, district attorney's release and copy of invoice via United States Postal Services (certified mail/return receipt ) to the NEW YORK CITY PROPERTY CLERK demanding the that his cellular phones be returned. *See*,  **Letter demand for property.**

62.   On April 9th, 2024 Plaintiff sent a request for the property w/ a copy of the voucher in accordance with 38 RCNY 12-34(b) by certified mail w/ return receipt to the Brooklyn District Attorney's Office located at 350 Jay Street Brooklyn NY 11201.*See, Letter requesting release of property.*

63.   Plaintiff has not received a response to date.

## CONCLUSION

64.   The City has made no showing of any continued basis to retain the property, City under color of state law has denied the Plaintiffs his right to due process, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

65.   In conclusion all of Defendants, each knew, or should have known that their behavior was in violation of the plaintiffs civil rights, statutory rights and clearly established federal law and they should be held liable by this Court for the deprivation of the Plaintiffs rights secured and guaranteed by the United States Constitution.

66.   Defendant(s) knowingly and willfully subjected the plaintiff to an unlawful arrest/false arrest under and false imprisonment under NYS PL 265.00 *et seq.,* NYC Administrative Code section 131(I)(3). And the deprivation of property without due process of law. Furthermore the Defendant(s) unlawfully deprived and prevented the Plaintiff of the use and enjoyment of his property without reason. And such deprivation created a financial loss, strain and burden on the plaintiff. Thus the Plaintiff is required to recover just and adequate expenses for the use and enjoyment of his property and all expense related to the cost of any financial burden that the plaintiff suffered as a direct result of the defendant's action as a result thereof.

67.   Defendant, CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized under the laws of the State of New York to maintain a police department, the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risk incidental to the maintenance of a police force and the employment of police officers. On information and belief, the law enforcement activities of the NYPD are funded, in part, with funds from the federal government.

## NOTICE OF CLAIM

68.    As a condition precedent to suit the Plaintiff herein filed a Notice of Claim on December 15th, 2023 against  JAMES J. ZEBRO #2610, MARK P. SHACKEL #5751. *See*, Claim No. 2023P1043578

69.    As a condition precedent to suit the Plaintiff herein filed an *additional* Notice of Claim on February 2nd, 2024 against Defendant, Luke Kushner and Defendant, Caroline Compomanes.

70.    As a condition precedent to suit the Plaintiff herein filed an *additional* Notice of Claim on February 28th, 2024.

## Case and Controversies

### Legal Standing

71.    The Plaintiffs contends and respectfully Shows this Court  that the City of New York in particular the New York City Property Clerk Section is *currently* in possession of the Plaintiffs cell phones [cellular devises]  and that the holding and retention of the plaintiffs property is ongoing. Furthermore the written or unwritten; formal or informal policy, practice, and/or custom  that allows for the continuous holding of the plaintiffs property will cause irreparable harm and/or injury to the plaintiffs  social and financial life including lost and enjoyment of the plaintiffs use of property, and potential income.  Furthermore a reduction in future earnings and  potential financial loss of  prospective business income. *See*, U.S. Const. Art. 3 Sec.2 Cl.1

### Locus Standi

72.    Since my phones are *currently* being held in abeyance I, Kendall Browne challenge the constitutionality of the aforementioned policies, procedures, codes, customs and usage's as constitutional.  Plaintiff incorporates the above mentioned paragraph and all claims related herein.

*See*, Cato At Liberty on "Evidentiary Seizures Let Police Take Your Smartphone. They Don't Have to Give It Back- by James Craven affixed hereto." *also see;* Criminal Legal News "Report: NYPD Sold Almost 22,000 of the 55,000 Phones Seized Last Year" - by Douglas Ankney.

## HISTORY

73. That upon information and belief the officer described herein routinely drive around in an unmarked police vehicle and are part of the 75th precinct's Public Safety Unit or Neighborhood Safety Team, previously known as Anti-Crime Unit, formerly known as the SCU (Street Crime Unit). The former Anti-Crime unit was disbanded by the New York City Police Department.

### The City's Property Retention Policy and Practice

74. Every year the NYPD effectuates over three hundred thousand arrests. In the vast majority of these cases, the arresting officers seize some form of property from the person arrested. This property is recorded in the Property and Evidence Tracking System ("PETS") by an NYPD officer, who also designates the property in one or more categories; for instance, held for safekeeping during the booking and arraignment process, necessary as Arrest Evidence, or subject to a potential future civil or criminal forfeiture process ("Forfeiture").

75. The authority to retain property after arrest as evidence in a criminal investigation or proceeding is vested in the NYPD Property Clerk by local law in the New York City Administrative Code ("Admin. Code") § 14-140.

76. The City's regulations concerning the return of property seized pursuant to an arrest are set forth in the Rules of the City of New York ("RCNY"). See 38 RCNY 12-31, et seq.

77. . The NYPD broadly exercises its discretion to designate Personal Property as Arrest Evidence where it perceives any "relation to the matter for which the person has been arrested." 38 RCNY § 12-31. In drug-related arrests, for example, the NYPD routinely designates seized cell phones as Arrest Evidence. *See*, Case 1:16-cv-00156-DLC Document 31 Filed 06/03/16 Page 5 of 19

78. Where over $1000 is seized from any defendant who is charged with a drug- related crime, the NYPD routinely designates such property as Forfeiture. Forfeiture property may also be, and frequently is, Arrest Evidence. See New York Police Department Patrol Guide § 218-38.

79.    The City requires the NYPD to return Arrest Evidence to a property owner upon timely demand, if the property owner presents proper identification, a property voucher created through the PETS system, and a DA Release. 38 RCNY § 12-35(b). The City will not return Arrest Evidence without a DA Release, even when the property owner's case is over and even when no showing has been made regarding a need for continued retention, no matter how much time has passed. The City similarly requires a DA Release for Forfeiture property, even when the property owner's case is over and the District Attorney's Office has not initiated a forfeiture proceeding.

80.    Pursuant to City regulations, when a property owner requests a DA Release, the District Attorney's Office must either issue the DA Release or provide a written denial within 15 days of the request. 38 RCNY § 12-34(c)(e). If the request is denied, the District Attorney must identify the basis for retaining the property. When a case is over, City regulations permit the District Attorney to deny a DA Release only where they can show in good faith that the property is still needed as evidence for: (a) a pending appeal; (b) a collateral attack or notice that a collateral attack will be commenced; (c) another specifically identified criminal proceeding; or ***(d) an ongoing identifiable criminal investigation.*** 38 RCNY § 12-34(d). A denial must be in writing with the grounds set forth, and a property owner can appeal the denial to a supervisor who must respond in writing within ten days of a request for a review.  38 RCNY § 12-34(e). The intention to file a Forfeiture action against the property owner is not an enumerated reason to withhold the DA Release.

81.    In practice, the 15-day deadline to respond to a request for a DA Release has been brazenly ignored. It can take weeks and often months for the District Attorney's Office to respond to a request for a DA Release, even when a formal written demand has been served upon their office. In many cases, the district attorneys do not respond at all. In the Bronx, even when the District Attorney's Office refuses to issue a DA Release in response to a claimant's demand, the prosecutor virtually never does so in writing as required by the City regulations

82.    If the property owner is unable to secure a DA Release within 270 days of submitting a request to the NYPD Property Clerk for the return of Arrest Evidence after the termination of a criminal case, the City's regulations maintain that the NYPD "may dispose of the property according to law." 38 RCNY § 12-35(d). Thus, if the District Attorney fails to respond to a request for a DA Release or refuses to produce one within 270 days after

the claimant's demand to the NYPD, the property owner may never get his or her property back as the NYPD regulations allow "disposal" of the property.

83.    Rather than offering recourse for property owners who have attempted to get a DA Release and have received either no response or an inadequate response, the City's policy and practice compounds the issue. Citing 38 RCNY § 12-35, the NYPD Property Clerk insists that a District Attorney's inaction in providing a DA Release is an absolute bar to the return of Arrest Evidence and property marked as Forfeiture, even where more than 15 days has elapsed since the claimant demanded a DA Release. The City maintains this policy and practice even when the case has been dismissed and thus "deemed a nullity." N.Y. Crim. Proc. Law § 160.60.

84.  Most people who attempt to retrieve property do not have a lawyer to assist them, making the process even more daunting. As a result, many people give up trying to obtain their property rather than attempting to navigate the system.

85.    It is axiomatic and beyond cavil that the government shall not unreasonably seize property or deprive citizens of their property without lawful and legal reasoning. The challenged statues, rules, policy, customs and usages have been applied to deprive the Plaintiff of his property without any means or available avenues to retrieve property that was unlawful/illegal taken by the New York City Police Department and its employees. Therefore the plaintiff contends that these laws are unconstitutional on its face and as applied.

## **COMPLAINT**

## Civil Rights

86.    That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023, in the County of Kings on Belmont Avenue in the East New York section of Brooklyn New York, Defendant Zebro #2610 while acting under the color of law without probable cause, knowingly and willfully searched and seized Plaintiff Browne, thus leading to to a violation of the plaintiffs right to be free from unlawful arrest, false arrest, false imprisonment ( a "common law tort").Thus violating the Plaintiffs 4th Amendment *incorporated via* 14th Amendment right to be free from unreasonable searches and seizures.

Tort/False Arrest

87.   That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023, in the County of Kings on Belmont Avenue in the East New York section of Brooklyn New York, Defendant Zebro #2610 while acting under the color of law without probable cause, knowingly and willfully searched and seized Plaintiff Browne, thus leading to to a violation of the plaintiffs right to be free from unlawful arrest, false arrest, false imprisonment ( a "common law tort").

Civil rights

88.   That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023 in the county of Kings Defendant Zebro #2610 while acting under the color of law knowingly and willfully conducted a field search and broke open the glove box compartment of the aforementioned herein vehicle in violation of the plaintiffs 4th Amendment *incorporated via* 14th Amendment right to be free from unreasonable and unlawful searches and seizures secured and guaranteed by the United States Constitution.

Civil Rights

89.   That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023, in the County of Kings, Defendant, Guidice #15765 used excessive force by tightly placing handcuffs on the Plaintiff so as to cause substantial pain thus violating the Plaintiffs, 4th Amendment right to be free from excessive force secured and guaranteed by the United States Constitution.

Civil Rights

90.   That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023, in the County of Kings, Defendant, Guidice #15765 used excessive force by tightly placing handcuffs on the Plaintiff so as to cause substantial pain thus violating the Plaintiffs, 4th Amendment *incorporated via 14th* Amendment right to be free from excessive force secured and guaranteed by the United States Constitution.

Tortious/Intentional act

91.   That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023, in the County of Kings, Defendant Zebro #2610 while acting under the color of law without probable cause, knowingly and willfully applied NYS PL § 265.03 against the Plaintiffs for alleged possessing a blank firing replica, thus leading to to a violation of the plaintiffs right to be free from unlawful arrest, false arrest, false imprisonment ( a "common law tort").

Tortious/Intentional act

92.   That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023 in the County of Kings, Defendant Zebro #2610 while acting under the color of law without probable cause knowingly and willfully applied NYC Administrative Code  section 131(I)(3) against the Plaintiffs for alleged possessing a blank firing ammunition , thus leading to to a violation of the plaintiffs right to be free from unlawful arrest, false arrest, false imprisonment ( a "common law tort").

**NYC Administrative Code  section 131(I)(3) as follow:**

*"§10-131 i. 3. It shall be unlawful for any person not authorized to possess a pistol or revolver within the city of New York to possess pistol or revolver ammunition, provided that a dealer in rifles and shotguns may possess such ammunition."*

Deliberate indifference

93.   That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023 in the County of Kings, the City, Defendant herein failed to adequately and properly screen, train supervise, monitor, and discipline Defendant Zebro #2610 and such failure led to the unlawful arrest, false arrest, false imprisonment ( a "common law tort").

Civil rights

94.   That upon information and belief and to the best of my knowledge on or about  the 7th day of October, 2023 in the County of Kings, Defendant Zebro #2610  herein while acting under the color of law knowingly and willfully without legal or lawful cause, unnecessarily,  unreasonably and unlawfully deprived the plaintiffs of his two cell phones [cellular devices] in violation of

the plaintiffs 14th Amendment right to not be deprived of property without due process of law secured and guaranteed by the United States Constitution. The direct and approximate action of Defendants Zebro #2610 was unreasonable and/or unnecessary and burdensome and violative to the Plaintiffs Constitutional and Civil Rights, thus entitling Plaintiff Browne to an award of compensatory, punitive and exemplary damages.

Civil Rights

95.   That upon information and belief and to the best of my knowledge on or about the 7th -9th day of October, 2023 in the County of Kings Defendant, Zebro #2610 while acting under the color of law knowingly and willfully without legal or lawful cause, unnecessarily, unreasonably, unlawfully seized the plaintiff cell phones [cellular devices] in violation of the plaintiffs 4th Amendment right *incorporated via* 14th Amendment to be free from unreasonable seizure of property without probable cause secured and guaranteed by the United States Constitution and the Laws of the United States. The direct and approximate action of Defendant Zebro #2610 was unreasonable and unnecessary and burdensome and violative to the Plaintiffs Constitutional and Civil Rights, thus entitling Plaintiff Browne to an award of compensatory and punitive and exemplary damages.

Civil Rights

96.   That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023 in the County of Kings Defendant, Shackel #5751 while acting under the color of law knowingly and willfully without legal or lawful cause, unnecessarily, unreasonably, and unlawfully deprived the plaintiffs of his two cell phones [cellular devices] in violation of the plaintiffs 14th Amendment right to not be deprived of property without Due Process of the Law secured and guaranteed by the United States Constitution. The direct and approximate action of Defendant Shackel #5751 was unreasonable and/or unnecessary and burdensome and violative to the Plaintiffs Constitutional and Civil Rights, thus entitling Plaintiff Browne to an award of compensatory and punitive and exemplary damages.

Civil Rights

97.   That upon information and belief and to the best of my knowledge on or about the 7th -9th day of October, 2023 in the County of Kings Defendant, Shackel #5751 while acting under the color of law knowingly and willfully without legal or lawful cause, unnecessarily,  unreasonably and unlawfully seized the plaintiff cell phones [cellular devices] in violation of the plaintiffs

4th  Amendment *via* 14th Amendment right to be free from unreasonable seizure of property without probable cause secured and guaranteed by the United States Constitution and the Laws of the United States. And the plaintiffs right to dues process in violation of NYS Const. Art. 1 Sec. 6. The direct and approximate action of Defendant Shackel #5751 was unreasonable and/or unnecessary and burdensome and violative to the Plaintiffs Constitutional and Civil Rights, thus entitling Plaintiff Browne to an award of compensatory and punitive and exemplary damages.

**Civil Rights-Unreasonable prolonged seizure of property**

98.   That upon information and belief and to the best of my knowledge on or about the October, 2023 - February, 2024 in the County of Kings Defendant, Shackel #5751 while acting under the color of law knowingly and willfully without legal or lawful cause, unnecessarily, unreasonably and unlawfully seized the plaintiff cell phones [cellular devices] for a prolonged and lengthy period of time in violation of the plaintiffs 4th Amendment *incorporated via* 14th  Amendment right to be free from unreasonable seizure of property without probable cause secured and guaranteed by the United States Constitution and the Laws of the United States. And the plaintiffs right to dues process in violation of NYS Const. Art. 1 Sec. 6.

99.   The direct and approximate action of Defendant Shackel #5751 was unreasonable, unnecessary and burdensome and violative to the Plaintiffs Constitutional and Civil Rights, thus entitling Plaintiff Browne to an award of compensatory and punitive and exemplary damages.

**Deliberate indifference & Civil Rights**

100.    That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023 in the County of Kings, the City, Defendant herein failed to adequately screen, train, supervise, monitor and discipline Defendant, Zebro #2610 and such failure led to the deprivation of the Plaintiffs property in violation of the 14th Amendment; Due Process of the Law, secured and guaranteed by the United States Constitution. And the Laws of the United States.

**Deliberate indifference & Civil Rights**

101.    That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023 in the County of Kings, the City, Defendant herein failed to adequately screen, train, supervise, monitor and discipline

Defendant, Zebro #2610 and such failure led to the deprivation of the Plaintiffs property in violation of the 4th Amendment; unreasonable seizure of property *incorporated via* 14th Amendment right secured and guaranteed by the United States Constitution. And the Laws of the United States.

## Deliberate indifference & Civil Rights

102.     That upon information and belief and to the best of my knowledge on or about the 7th-9th day of October, 2023 in the County of Kings the City, Defendant herein failed to adequately screen, train, supervise, monitor and discipline Defendant, Shackel #5751 and such failure led to the deprivation of the Plaintiffs property in violation of the 14th Amendment; Due Process of the Law secured and guaranteed by the United States Constitution.

## Deliberate indifference & Civil Rights

103.     That upon information and belief and to the best of my knowledge on or about the 7th-9th day of October, 2023 in the County of Kings, the City, Defendant herein failed to adequately screen, train, supervise, monitor and discipline Defendant, Shackel #5751 and such failure led to the deprivation of the Plaintiffs property in violation of the 4th Amendment; unnecessary unreasonable and unlawful seizure of property , *incorporated via* 14th Amendment right secured and guaranteed by the United States Constitution. And the Laws of the United States.

## Deliberate indifference & Civil Rights

104.     That upon information and belief and to the best of my knowledge on or about the 27th day of February, 2024 *(Dismissal of criminal charges) and thereafter* in the County of Kings, the City, Defendant herein failed to adequately screen, train, supervise, monitor and discipline Defendant, Luke Kushner  and such failure lead to the deprivation of the Plaintiffs property in violation of the 4th Amendment; unnecessary unreasonable and unlawful seizure of property , *incorporated via* 14th Amendment right secured and guaranteed by the United States Constitution. And the Laws of the United States. And right not to be deprived of property s without Due Process of Law secured and guaranteed by the 14th Amendment of the United States Constitution.

22

## Civil Rights

105.     That upon information and belief and to the best of my knowledge on or about the 27th day of February, 2024 *(Dismissal of criminal charges) and thereafter* in the County of Kings, the City, Defendant herein failed to return the Plaintiff's 2 cellular phone devices and such failure lead to the deprivation of the Plaintiffs property in violation of the 4th Amendment; unnecessary unreasonable and unlawful seizure of property , *incorporated via* 14th Amendment right secured and guaranteed by the United States Constitution. And the Laws of the United States.

## Civil Rights

106.     That upon information and belief and to the best of my knowledge on or about the 27th day of February, 2024 *(Dismissal of criminal charges) and thereafter* in the County of Kings, the City, Defendant herein failed to return the Plaintiff's 2 cellular phone devices and such failure lead to the deprivation of the Plaintiffs property in violation of the 14th Amendment Due Processes of Law secured and guaranteed by the United States Constitution. And the Laws of the United States.

## Deliberate indifference & Civil Rights

107.     That upon information and belief on or about the 16th day of October, 2023 in the County of Kings, the City, Defendant herein; developed applied, and maintained policies and/or customs exhibiting deliberate indifference to the Plaintiffs constitutional and civil rights and that such policies and customs violated the Plaintiffs constitutional and civil rights. And that the City of New York in particular the Property Clerk Section knowingly and willfully applied **Section 12-06** *(Sub Chapter A Procedure for Claiming Property; Chapter 12 Return of Property from Property Clerk Division)* . A policy, practice, and/ or custom or usage that indefinitely deprives and/or deprived the Plaintiff of his property ( Two cell phones [cellular devices] without Due Process of the Law  in violation of the Plaintiffs 14th  Amendment right secured and guaranteed by the Constitution of the United States. And that the said policy is repugnant to U.S. Const. Art.6(2) of the Federal Supremacy Clause.

## Deliberate indifference & Civil Rights

108.     That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023 or prior to the creation of the Property Clerk Section the City, Defendant herein failed to create, adopt  form or otherwise maintain a formal policy or  adequate, and/or necessary policy,

23

practice and/or custom, that would have prevented the plaintiff from being unreasonably and unlawfully deprived of his property [ Two cell phones[2 cellular devices]. And such failure lead to the deprivation of the Plaintiffs right to not be deprived of property without Due Process of Law secured and guaranteed by the 14th Amendment of the United States Constitution.

## Deliberate indifference & Civil Rights

109.    That upon information and belief on or about the 16th day of October, 2023 in the County of Kings, the City, Defendant herein; developed applied, and maintained policies and/or customs exhibiting deliberate indifference to the Plaintiffs constitutional and civil rights and that such policies and customs violated the Plaintiffs constitutional and civil rights. And that the City of New York in particular the Property Clerk Section knowingly and willfully applied **Section 12-06** *(Sub Chapter A Procedure for Claiming Property; Chapter 12 Return of Property from Property Clerk Division)* . A policy, practice, and/ or custom or usage that indefinitely deprives and/or deprived the Plaintiff of his property ( Two cell phones [cellular devices] without Due Process of the Law  in violation of the Plaintiffs 4th Amendment right to be free from unreasonable and unlawful seizure of his cell phones/cellular devises *incorporated via* 14th Amendment right secured and guaranteed by the Constitution of the United States. And that the said policy is repugnant to U.S. Const. Art.6(2) of the Federal Supremacy Clause.

## Deliberate indifference & Civil Rights

110.    That upon information and belief and to the best of my knowledge on or about the 7th day of October, 2023 or prior to the creation of the Property Clerk Section, the Defendant, City _failed_ to create, adopt  form or otherwise maintain a formal policy or adequate, and/or necessary policy, practice and/or custom, that would have prevented the plaintiff from being unreasonably and unlawfully deprived of his property [ Two cell phones[2 cellular devices]. And such inaction lead to the seizure of the Plaintiffs cellphones in violation of his right to be free from unreasonable seizure of property secured and guaranteed by the 4th  Amendment right *incorporated via* 14th Amendment right of the United States Constitution.

## Constitutional Challenge to NYC Rules

### Constitutional Challenge to NYC Rules

111.    That upon information and belief and to the best of my knowledge -
Return of Property from Property Clerk Division and NYPD -Return of
Property (Other Than Vehicle), is unconstitutional because it allows for the
unreasonable seizure of the Plaintiff's property and deprives the plaintiff of
Property without Due Process of Law as follow:

### § 12-06 Investigatory Evidence.

*"Property vouchered for investigation will require the claimant to obtain a release from
the investigating officer, in writing, usually on department letterhead. (Police
Department Patrol Guide, procedure 113-22.)"*

### Return of Property (Other than a Vehicle)

*"If property is **not** arrest evidence, a demand should be made as soon as possible
whether or not criminal proceedings have been instituted, and, if they have been
instituted, at any time, whether or not such proceedings have been terminated. It is
important that the demand be made for this property **before** 120 days from the day it is
vouchered, or the property may be disposed of by the Police Department Property Clerk
according to law"*

## FEDERAL QUESTION

### Constitutional Challenge to NYC Rules

112.    That upon information and belief and to the best of my knowledge that
Admin. Code § 14-140 and 38 RCNY § 12-31, *et seq.* are unconstitutional as
applied and on their face and repugnant to U.S. Const. Art. 6(2) of the Federal
Supremacy Clause because it deprived the Plaintiff of his 4th Amendment right
to be free from unreasonable seizure of property and it also deprived the
Plaintiff of his 14th Amendment right to property without Due Process of Law
secured and guaranteed by the Constitution of the United States.

Constitutional Challenge to NYC Rules

113.     That upon information and belief and to the best of my knowledge **Title 38 Rules of the City of New York: Chapter 12 -06** is unconstitutional because the procedures vaguely requires the claimant to commence a procedure in order to recover his or her property. And invites arbitrary power to Defendant, Shackel that allowed him to deprive the Plaintiff of his two cellular phones/devices. Thus violating the plaintiffs <u>Fourteenth Amendment right to procedural due process</u> secured and guarantee being repugnant to U.S. Const. Art.6(2) of the Federal Supremacy Clause.

Constitutional Challenge to NYC Rules

114.     That upon information and belief and to the best of my knowledge **Title 38 Rules of the City of New York: Chapter 12-06** is unconstitutional because the procedures vaguely requires the claimant to commence a procedure in order to recover his or her property. And invites arbitrary power to Defendant, Shackel which allows  him to deprive the Plaintiff of his two cellular phones/devices. Thus violating the <u>Fourth Amendment</u> to be from seizure of his property without probable cause secured and guaranteed by the United States Constitution and being repugnant to U.S. Const. Art.6(2) of the Federal Supremacy Clause.

Constitutional Challenge to NYC Rules

115.     That upon information and belief and to the best of my knowledge **Title 38 Rules of the City of New York: Chapter 12-06** is unconstitutional for vagueness because *<u>it fails to provide the Plaintiff herein detailed notice of the procedures for return of seized property and the information necessary to invoke those procedures.</u>* This violating the Plaintiffs right to Due Process and procedural due process of law secured and guaranteed by the 14th Amendment of United States Constitution. And repugnant to U.S. Const. Art. 6(2) of the Federal Supremacy Clause

Constitutional Challenge to NYC Rules

116.     That upon information and belief and to the best of my knowledge **Title 38 Rules of the City of New York: Chapter 12** is unconstitutional for vagueness because *<u>it fails to provide the Plaintiff herein detailed notice of the procedures for return of seized property and the information necessary to</u>*

*invoke those procedures.* This violating the Plaintiffs right to Due Process and procedural due process of law secured and guaranteed by the 14th Amendment of United States Constitution. And repugnant to U.S. Const. Art. 6(2) of the Federal Supremacy Clause.

## Constitutional Challenge to NYC Rules

117.    That upon information and belief and to the best of my knowledge **Title 38 Rules of the City of New York: Chapter 12** is unconstitutional for vagueness because *it fails to provide a procedural section that provides for a "Notice of Seizure" for property taken by Defendants from the Plaintiff as described in this matter. .* This violating the Plaintiffs right to Due Process and procedural due process of law secured and guaranteed by the 14th Amendment of United States Constitution. And repugnant to U.S. Const. Art. 6(2) of the Federal Supremacy Clause.

## Constitutional Challenge to NYC Rules

118.    That upon information and belief and to the best of my knowledge **Title 38 Rules of the City of New York: Chapter 12-34(d)** is unconstitutional for vagueness because *it fails to provide a procedural section that allows for a "Notice of Seizure" for property taken by Defendants from the Plaintiff as described in this matter before and/or after the termination of criminal proceedings..* This being arbitrary and capricious violating the Plaintiffs right to Due Process and procedural due process of law secured and guaranteed by the 14th Amendment of United States Constitution. And repugnant to U.S. Const. Art. 6(2) of the Federal Supremacy Clause.

## Constitutional Challenge to NYC Rules

119.    That upon information and belief and to the best of my knowledge **Title 38 Rules of the City of New York: Chapter 12-06** is unconstitutional because the procedures vaguely requires the claimant to commence a procedure in order to recover his or her property. And invites arbitrary power to Defendant, Shackel which allows  him to deprive the Plaintiff of his two cellular phones/devices. Thus violating the Plaintiff's <u>Fourteenth Amendment right </u>to not be deprived of property without due process of law secured and guaranteed by the United States Constitution and being repugnant to U.S. Const. Art.6(2) of the Federal Supremacy Clause.

## Constitutional Challenge to NYC Rules

120.    That upon information and belief and to the best of my knowledge NYPD policy custom usage or procedure– Title: Return of Property (other than a vehicle) paragraph 6 is  unconstitutional for vagueness and arbitrary and capricious as it fails to inform the Plaintiff whether *oral or written* notice should be given to New York City Property Clerk's office on how to claim his two cellular devices/cellphones that were seized by defendant Shackel as investigatory evidence. Furthermore *fails to provide the Plaintiff herein detailed notice of the procedures for return of seized property and the information necessary to invoke those procedures.* Thus violating the Plaintiffs 14th Amendment right to not be deprived of property without Due Process of Law secured and guaranteed by the United States Constitution. And repugnant to U.S. Const. Art. 6 of the Federal Supremacy Clause.

## Civil rights

121.    That upon information and belief and to the best of my knowledge on or about October, 2023 in the County of Kings, Defendant Luke Kushner while acting under the color of law knowingly and willfully, unnecessarily and unreasonably deprived the plaintiffs of his two cell phones [cellular devices] in violation of the plaintiffs 14th Amendment right to not be deprived of property without due process of law secured and guaranteed by the United States Constitution.  The direct and approximate action of Defendants Kushner was unreasonable and/or unnecessary and burdensome and violative to the Plaintiffs constitutional and civil rights, thus entitling Plaintiff Browne to an award of compensatory and punitive damages.

## Negligence

122.    That upon information and belief and to the best of my knowledge on or about October, 2023 - January 5th, 2024 in the County of Kings, Defendant Luke Kushner was negligent as he failed to provide the Plaintiff in writing the reason for the refusal no more than fifteen days after receipt of the request and denial for the return of the plaintiffs cell phones. Nor did Defendant Kushner inform the plaintiff that he may obtain review by a supervising assistant district attorney, who shall not be the individual who made the initial determination, which review must be provided to the claimant within ten days of the request for review. Furthermore Defendant Luke Kushner failed to   Thus violating Title 38 Sec. 12-34(e) of the Rules of the City of New York.

28

## Civil Rights

123.   That upon information and belief and to the best of my knowledge on or about October, 2023 – February 27th, 2024 and thereafter in the County of Kings, Defendant Luke Kushner he failed to provide the Plaintiff in writing a release to a claimant upon request unless the district attorney determines that the property needs to be retained as evidence due to an identifiable criminal investigation.the reason Thus violating Title 38 Sec. 12-34(d)(iv) of the Rules of the City of New York. And violating the Plaintiffs 14th Amendment right to procedural due process and Due process of law secured and guaranteed by the United States Constitution.

## Prosecutorial Misconduct-Civil Rights

124.   That upon information and belief and to the best of my knowledge on or about the 28th day of November, 2023 Defendant, Compomanes knowingly and willfully with knowledge continued and commenced a local criminal court prosecution in bad faith against the plaintiff for a violation of NYC Administrative Code  section 131(I)(3) and commenced and continued criminal charges in bad faith without realistic hope of winning a conviction to the the above mentioned charge. Thus violating the plaintiff's right to *substantive due process* and Liberty; and to the right to be free from Malicious Prosecution secured and guaranteed by the 4th Amendment right and *incorporated via* 14th Amendment of the United States Constitution.

## Prosecutorial Misconduct-Civil Rights

125.   That upon information and belief and to the best of my knowledge on or about the 28th day of November 2023,  Defendant Compomanes knowingly and willfully with knowledge commenced and continued a criminal prosecution in bad faith against the plaintiff for a violation of NYC Administrative Code  section 131(I)(3) and commenced and continued criminal charges in bad faith without realistic hope of winning a conviction to the the above mentioned charge and failed to dismiss the above mentioned charge upon receiving and acknowledging ballistic reports confirming that ammunition charged was not live ammunition but was in fact blank firing cartridges. Thus violating the right to be free from Malicious Prosecution under  the Fourth Amendment and *procedural due process;* due process of law under the 14th Amendment of the United States Constitution.

## Civil Rights/Malicious prosecution

126.     That upon information and belief and to the best of my knowledge on the 7th day of October 2023- February 27th, 2024,  Defendant, Zebro in the County of Kings knowingly and willfully with knowledge deliberately and maliciously arrested the Plaintiff, Browne and caused a continuing criminal action to commence against the plaintiff for allegedly violating <u>NYS PL 2650.00.et seq., PL 265.03, PL 265.02 and 265.01,NYC Administrative Code  section 131(I)(3), VTL 1111 (D)(1), VTL 1180(A) VTL 1212,</u> and an <u>VTL 1227-01 et seq.</u> as a result causing emotional distress and a wrong to the plaintiffs character and reputation and subjecting him to unlawful, illegal, and excessive detention These actions were egregious and caused a great degree of  emotional distress,  mental anguish, anxiety from uncertainty from the outcome of the criminal charges will be, and further mental and emotional suffering. Furthermore, the Defendants actions were deliberate and malicious, demonstrating a reckless disregard for the emotional well-being of the Plaintiff. Thus  violating the Plaintiffs right to be free from *Malicious Prosecution* ; and unreasonable search and seizure in violation of the Plaintiff's 4th Amendment *via* the 14th Amendment right secured and guaranteed by the United States Constitution.

## Mental Anguish & Emotional Distress

127.     That upon information and belief and to the best of my knowledge on the 7th day of October 2023- February 27th 2024, and Defendant Zebro in the County of Kings knowingly and willfully with knowledge arrested the Plaintiff, Browne and  caused a continuing criminal action to commence against the plaintiff for allegedly violating <u>NYS PL 2650.00,265.03, NYC Administrative Code  section 131(I)(3), NYS VTL 1111 (D)(1), VTL 1180(A) VTL 1212,</u> and an <u>VTL 1227-01 et seq.</u> as a result causing emotional distress; mental suffering and injury to the Plaintiffs dignity. These actions were egregious and caused a great degree of  emotional distress,  mental anguish, ongoing fear and trauma,, anxiety from uncertainty from the outcome of the criminal charges will be, and further mental and emotional suffering. Furthermore, the Defendants actions were deliberate and malicious, demonstrating a reckless disregard for the emotional well-being of the Plaintiff.

## Mental Anguish & Emotional Distress

128.   That upon information and belief and to the best of my knowledge on the 7th, day of October 2023- November 28th, 2024, and thereafter Defendant, Kushner in the County of Kings knowingly and willfully with knowledge

caused a continuing criminal action to commence against the plaintiff for allegedly violating NYS PL 2650,00,265.03, NYC Administrative Code  section 131(I)(3),NYS VTL 1111 (D)(1), VTL 1180(A) VTL 1212, and an  VTL 1227-01 *et seq.* as a result causing emotional distress; mental suffering and injury to the Plaintiffs dignity. These actions were egregious and caused a great degree of emotional distress, mental anguish, anxiety from uncertainty from the outcome of the criminal charges will be, and further mental and emotional suffering. Furthermore, the Defendants actions were deliberate and malicious, demonstrating a reckless disregard for the emotional well-being of the Plaintiff.

Mental Anguish & Emotional Distress

129.   That upon information and belief and to the best of my knowledge on the 7th, day of October 2023- November 28th, 2024, and thereafter Defendant, Compomanes  in the County of Kings knowingly and willfully with knowledge prosecuted Plaintiff, Browne and  caused a continuing criminal action to commence against the plaintiff for allegedly violating NYS PL 2650,00,265.03, NYS VTL 1111 (D)(1), VTL 1180(A) VTL 1212, and an  VTL 1227-01 *et seq.* as a result causing emotional distress; mental suffering and injury to the Plaintiffs dignity. These actions were egregious and caused a great degree of emotional distress, mental anguish, anxiety from uncertainty from the outcome of the criminal charges will be, and further mental and emotional suffering. Furthermore, the Defendants actions were deliberate and malicious, demonstrating a reckless disregard for the emotional well-being of the Plaintiff.

Supervisor liability - deliberate indifference

130.   That upon information and belief and to the best of my knowledge on or about the 28th, day of November, 2023 in the County of Kings Defendant, Luke Kushner failed to adequately supervise and monitor Assistant District Attorney, Compomanes and such failure resulted in the malicious prosecution of the Plaintiff in violation of  his right to *substantive due process*; due process secured and guaranteed by the 14th  Amendment of United States Constitution.

Supervisor liability - deliberate indifference

131.   That upon information and belief and to the best of my knowledge on or about the 28th, day of November, 2023 in the County of Kings Defendant, Luke Kushner failed to adequately supervise and monitor Assistant District Attorney, Compomanes and such failure resulted in the malicious prosecution of the Plaintiff violation of his right to *procedural due process*; due process of

law secured and guaranteed by the 14th Amendment of United States Constitution.

132.    Plaintiff has no other adequate remedy at law and will suffer serious irreparable harm to his constitutional and civil rights unless Defendants are enjoined from continuing the NYPD's Property Clerk Section policy and/or policies, practices and/or customs and/or usage that allowed for the seizing and depriving the Plaintiff of his property ( Two cell phones [cellular devices]).

## PRAYER OF RELIEF

Plaintiff seeks compensatory damages for the deprivation of his civil and constitutional rights,

Plaintiff seeks compensatory damages for mental anguish and emotional distress, malicious prosecution, excessive force, false arrest, false imprisonment and the deprivation of Liberty; loss of liberty,

Plaintiff seeks monetary relief and compensatory damages,

Plaintiff seeks punitive damages for the violation of his civil rights and clearly established federal law; in an amount to be determined by a jury,

Plaintiff seeks exemplary damages for the violation of his civil rights and clearly established federal law,

Plaintiff seeks cost for the damage done to his vehicle by the Defendant, James J. Zebro #2610,

Plaintiff seeks declaratory relief,

Plaintiff seeks an Order holding that Defendant, James J. Zebro #2610 acted in violation of the Plaintiffs Constitutional and civil rights and the Laws of the United States,

Plaintiff seeks an Order holding that Defendant, Guidice #15765 acted in violation of the Plaintiffs Constitutional and civil rights and the Laws of the United States,
Plaintiff seeks an Order holding that Defendant, Mark P. Shackel #5751 acted in violation of the Plaintiffs Constitutional and civil rights and the Laws of the United States,

Plaintiff seeks an Order holding that Defendant, James J. Zebro #2610 acted in violation of the Constitution and Laws of the United States,

Plaintiff seeks an Order holding that Defendant, Mark P. Shackel #5751 acted in violation of the Constitution and Laws of the United States,

Plaintiff seeks an Order holding that Defendant, Luke Kushner acted in violation of the Constitution and the Laws of the United States,

Plaintiff seeks an Order holding that Defendant, Luke Kushner acted in violation of the Plaintiffs civil rights,

Plaintiff seeks an Order holding that Defendant, Compomanes acted in violation of the Plaintiffs civil rights,

Plaintiff seeks and Order holding that the City of New York was deliberately indifferent to the Plaintiffs constitutional and civil rights,

Plaintiff seeks equitable relief;

Plaintiff seeks injunctive and declaratory relief that the policy and/or policies, practices and/or customs and/or usage described herein violates  the Plaintiffs Fourteenth Amendment right to Due Process [Deprivation of property] and an injunction enjoining defendant from continuing such policy and/or policies, practices and/or customs and/or usage;

Plaintiff seeks injunctive and declaratory relief that the policy and/or policies, practices and/or customs and/or usage described herein violates  the Plaintiffs Fourth Amendment right to be free from unreasonable seizure of his property [cellular phones] and an injunction enjoining defendant from continuing such policy and/or policies, practices and/or customs and/or usage,

Plaintiff seeks and order holding that the challenge NYC Rules; City of New York; Property Clerk Section's policy and/or policies, practices and/or customs and/or usage are unconstitutional,


Plaintiff seeks and order holding that the challenge NYC Rules; City of New York; Property Clerk Section's policy and/or policies, practices and/or customs and/or usage are unconstitutional on its face and/or as applied,

Plaintiff seeks an Order declaring that Admin. Code § 14-140 and 38 RCNY § 12-31, *et seq.* are unconstitutional as applied and on their face and repugnant to U.S. Const. Art. 6(2) of the Federal Supremacy Clause.

Plaintiff seeks an Order enjoining Defendant Mark P. Shackel #5751 and the New York City Police Department; Property Clerk Section from the continuous ongoing holding his cellphones,

Plaintiff seeks a preliminary injunction enjoining Defendant Mark P. Shackel # and the City of New York, New York City Police Department; Property Clerk Section from the continuing holding of his cellphones. And other known and unknown third parties that his cellular phones/devices may have been transferred to from the unlawful taken of the Plaintiff's property. The Plaintiff respectfully requests that this Honorable Court grant the requested preliminary injunction and provide appropriate relief to remedy the Defendant's violations of civil rights laws, and prevent irreparable harm,
Plaintiff seeks an Order returning his cellphones,

Plaintiff seeks attorney fees pursuant to 42 USC § 1988,

Plaintiff seeks taxation of any cost relating to 28 USC § 1920,

Plaintiff seeks all cost and fees relating to the question of constitutionality,

Plaintiff seeks all cost and fees associated with the filing and disbursement of this action,

Plaintiff seeks any and other further relief that this honorable Court my deem Just and proper,

**WHEREFORE**, Plaintiff prays before this Court for an action directed at the defendants to redress the deprivation of his rights.

**I declare under the penalty of perjury that the forgoing is true and correct** *See*, **28 USC § § 1746.**

Dated:  April/2, 2024
Brooklyn,  New York

Respectfully submitted,

Kendall Browne, *Pro Se*
702 East New York Avenue #1d
Brooklyn, New York 11203
Tel. (212) 810-6012

34