UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KENDALL BROWNE,

                        Plaintiff,

                        **ORDER**
   -against-                              24-CV-2781 (LDH) (LB)

NEW YORK CITY POLICE OFFICER JAMES J.
ZEBRO, # 2610; NEW YORK CITY POLICE OFFICER
MARK P. SHACKEL, # 5751; NEW YORK CITY
POLICE OFFICER ANTHONY P. GUIDICE, # 15765;
LUKE KUSHNER, Assistant District Attorney of Kings
County; CAROLINE COMPOMANES, Assistant District
Attorney of Kings County; THE CITY OF NEW YORK,

                        Defendants.
------------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

        Plaintiff Kendall Browne brings this action *pro* se, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) ("Decl."). For the reasons discussed below, Plaintiff's application to proceed *in forma pauperis* ("IFP") is denied. In order to proceed with this action, Plaintiff is granted until June 10, 2024, to either file a Long Form IFP application or to pay the $405 filing fee.

        The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, No. 07 CV 1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A plaintiff seeking to proceed IFP must submit an affidavit stating, "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to

proceed IFP if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A) and courts in this district often treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. *See, e.g., Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Engineers*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Grimes v. Sil*, No. 19-CV-1066, 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019). "'If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is 'merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case,'' then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).

Here, the financial declaration form that Plaintiff has submitted ("Decl.") does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff writes, "none," in the sections concerning whether he earns income from employment, states that he does not receive any other income, and has $315.00 in a checking or savings account. Decl. ¶¶ 2-4. Plaintiff writes "none," in the sections seeking information concerning whether he has regular monthly expenses, financial dependents, or any assets. *Id.* ¶¶ 4-7. In the section seeking information concerning debts or financial obligations, Plaintiff states that he has credit card debt, but does not provide the amount owed. *Id.* ¶ 8. Plaintiff's responses do not give the Court an accurate picture of Plaintiff's financial situation and the Court is unable to determine if Plaintiff

is able to afford to pay the $405.00 filing fee.

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied. In order to proceed with this action, Plaintiff is granted until June 10, 2024, to either file a Long Form IFP application or to pay the $405 filing fee.

The Clerk of Court is directed to send a Long Form IFP application to Plaintiff along with this Order. All further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.                                             /s/ LDH
                                                        ─────────────────────
                                                        LaSHANN DeARCY HALL
                                                        United States District Judge

Dated: May 23, 2024
       Brooklyn, New York

3